UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALCOLM P. COOK,

                Plaintiff,        Civil Action No. 13-10821
                                    Honorable Stephen J. Murphy, III
                                    Magistrate Judge David R. Grand

v.

NARENDRA SINGH TAXAK
and BAJRANG BALI ENTERPRISES, LLC,

                Defendants.
_____/

**REPORT AND RECOMMENDATION
TO GRANT DEFENDANTS' MOTION TO DISMISS [15]**

**I.    PROCEDURAL HISTORY**

This is a *pro se* civil rights action that has been referred to the undersigned for all pretrial purposes. (Doc. #1, 9). Plaintiff Malcolm Cook ("Plaintiff") alleges that he was employed by Defendants Narendra Singh Taxak and Bajrang Bali Enterprises, LLC (collectively "Defendants"), and that they violated his statutory rights under Title VII of the Civil Rights Act of 1964 and the Equal Employment Opportunity Act of 1972 by engaging in race and age discrimination, and by retaliating against him. (Doc. #1).

Defendants filed a motion to dismiss for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b), on July 2, 2013. (Doc. #15). In their motion, Defendants detailed Plaintiff's repeated failures to abide by applicable court rules and orders and urged this Court to dismiss Plaintiff's case. (*Id.*). Specifically, Defendants indicated that Plaintiff had failed or refused to participate in a conference, as required by Fed. R. Civ. P. 26(f), for purposes of developing a proposed discovery plan. (*Id.* at 1). Additionally, Defendants noted that Plaintiff failed to appear for the Court's May 23, 2013 telephonic scheduling conference, despite the fact that this conference was

twice adjourned – each time at Plaintiff's request – to accommodate his schedule.  (*Id.* at 2-3). Lastly, Defendants noted that Plaintiff failed to timely file initial disclosures, as required by the Court's May 23, 2013 Scheduling Order.  (*Id.* at 3).

On July 3, 2013, this Court issued an Order Requiring Response to Defendants' Motion to Dismiss, indicating that the deadline for Plaintiff's response was July 26, 2013.  (Doc. #16). Plaintiff was specifically advised that, "**Failure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party.**"  (*Id.* at 1 (emphasis in original)).

On July 26, 2013, Plaintiff filed a document entitled "Response to Doc. #15."  (Doc. #17).  In that document, which was filed the same day that Plaintiff's response to Defendants' dispositive motion was due, Plaintiff requested an extension of time to respond to this motion because he was "currently in a chapter 13."  (*Id.*).  The Court granted Plaintiffs' request, and gave him until August 12, 2013, to file a response to Defendants' motion to dismiss. (Doc. #18).

Plaintiff did not file a response to Defendants' motion on or before August 12, 2013. While the Court could well have dismissed Plaintiff's complaint at that time, in light of his status as a *pro se* litigant and his alleged pending bankruptcy, it gave him one last chance to show that he wished to prosecute this action; on August 15, 2013, the Court issued an Order to Show Cause, ordering Plaintiff to show cause, in writing, on or before August 29, 2013, why this Court should not recommend that his complaint be dismissed for failure to prosecute.  (Doc. #20).  The Court specifically warned Plaintiff that, "Failure to timely or adequately respond in writing to this Order to Show Cause, or to timely file a response to the motion, will result in a recommendation that Defendants' motion be granted and that Plaintiff's action be dismissed under Rule 41(b)."  (*Id.* at 2).  A review of the docket indicates that Plaintiff has neither

2

responded in writing to the Court's Order to Show Cause, nor filed a response to Defendants' motion.

On August 29, 2013, Defendants filed a Second Supplemental Brief in Support of Their Motion to Dismiss (Doc. #21), detailing Plaintiff's ongoing failure to prosecute his case.[1] Specifically, Defendants indicated that, on August 23, 2013, Plaintiff neither appeared for a properly-noticed deposition, nor contacted counsel for Defendants to request that the deposition be rescheduled. (*Id.* at 1, Ex. 12, Ex. 13). Consequently, Defendants have been unable to depose Plaintiff regarding the allegations in his complaint and, pursuant to the terms of the Court's Scheduling Order, discovery has now closed. (Doc. #14).

## II. ANALYSIS

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). As the United States Supreme Court has recognized, "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *see also Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). Indeed, "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30.

---

[1] Defendants also asserted in this supplemental pleading that the instant case is "just one of seven civil rights suits Plaintiff has brought before this Court," all of which apparently have been dismissed because of Plaintiff's failure to follow required procedures. (*Id.* at 2). A review of the Court's docket appears to confirm that this is the case.

3

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  All of the factors favor dismissal here.

The Court expressly warned Plaintiff that his case would be dismissed with prejudice if he failed to file a response to Defendants' motion to dismiss or its order to show cause.  (Doc. #16, 20).  Nevertheless, Plaintiff failed to respond, meaning that the first[2] and third factors weigh in favor of dismissal.  As to the second factor, Defendants are prejudiced by having this action pending against them without it being advanced to a timely conclusion due to Plaintiff's apparent abandonment of his claims.  The Court is sympathetic to Defendants' plight, as they have been forced to expend significant time and financial resources – including attorneys' fees and court reporter fees for a deposition at which Plaintiff failed to appear – despite the fact that Plaintiff apparently is not inclined to pursue his case.  The discovery deadline has passed, and Plaintiff failed to meaningfully participate (or participate at all) in that process.  This clearly prejudices Defendants in their ability to defend themselves against Plaintiff's claims.

Finally, with respect to the fourth factor, in the six months that this case has been pending, Plaintiff's only actions – aside from filing his complaint – have consisted of requesting

---

[2] With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault."  *Id*.  Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case."  *Id*.

4

adjournments and/or extensions of time. While his requests were granted, Plaintiff squandered that additional time by failing to act as required within the extended deadlines. Plaintiff has failed participate in a Rule 26(f) conference, failed to appear for a court-ordered scheduling conference, failed to serve initial disclosures, failed to appear for his deposition, failed to respond to Defendants' motion to dismiss, and failed to respond to this Court's Order to Show Cause. Given these facts, and in light of the Court's express warnings to Plaintiff that his case would be dismissed if he failed to act, the Court sees no utility in imposing a sanction short of dismissal. Thus, all four of the factors weigh in favor of dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, 2008 WL 2216281, at *5 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Here, for the reasons discussed above, Plaintiff has "engaged in a clear pattern of delay" by repeatedly failing to comply with orders of the Court and by otherwise failing to prosecute his claims. Under these circumstances, dismissal is appropriate pursuant to Fed. R. Civ. P. 41(b).

### III. RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Defendants' Motion to Dismiss **[15]** be **GRANTED** and Plaintiff's complaint **[1]** against Defendants Narendra Singh Taxak and Bajrang Bali Enterprises, LLC be **DISMISSED WITH PREJUDICE**.


Dated: September 4, 2013　　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 4, 2013.

                s/Felicia M. Moses
                FELICIA M. MOSES
                Case Manager