UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALCOLM P. COOK,

    Plaintiff,

v.

NARENDRA SINGH TAXAK and
BAJRANG BALI ENTERPRISES, LLC,

    Defendants.
    _____/

Case No. 13-cv-10821

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING REPORT AND RECOMMENDATION** (document no. 22), **GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** (document no. 15), and **DISMISSING THE CASE**

    This is a civil rights action for employment discrimination. Plaintiff Malcolm P. Cook, proceeding pro se, has brought an action pursuant to Title VII of the Civil Rights Act of 1964 and the Equal Employment Opportunity Act of 1972 alleging that his employers, defendants Narendra Singh Taxak and Bajrang Bali Enterprises, LLC (collectively "Defendants"), engaged in race and age discrimination and retaliated against him. The Court referred all pre-trial proceedings to Magistrate Judge Grand for resolution or recommendation.

    On July 2, 2013, Defendants filed a motion to dismiss for failure to prosecute. Mot. to Dismiss, ECF No. 15. On July 3, 2013, the magistrate judge issued an order requiring that Cook respond to the motion by July 26, 2013. ECF No. 16. On July 26, 2013, Cook requested an extension of time, ECF No. 17, which the magistrate judge granted, extending Cook's time to respond to August 12, 2013. ECF. No. 18. When Cook did not respond, on August 15, 2013, the magistrate judge ordered Cook to show cause in writing on or before August 29, 2013, why the magistrate judge should not recommend that the complaint be

dismissed for failure to prosecute. ECF No. 20. Cook did not respond. On August 13 and August 29, 2013, Defendants filed supplemental briefs in support of their motion to dismiss, detailing Cook's continued failure to prosecute. ECF Nos. 19, 21. On September 4, 2013, the magistrate judge issued a Report and Recommendation ("Report'), recommending that Defendants' motion to dismiss be granted and that Cook's complaint be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) because of Cook's clear pattern of delay in failing to comply with the orders of the Court and by otherwise failing to prosecute his claims. ECF No. 22.

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, he is entitled to review the magistrate judge's findings of fact and conclusions of law on his own initiative. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").

Because neither party filed objections to the Report, de novo review of the Report's conclusions is not required. Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings, grant Defendants' motion to dismiss, and dismiss Cook's complaint with prejudice.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Report and Recommendation (document no. 22) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (document no. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

                                             s/Stephen J. Murphy, III
                                             STEPHEN J. MURPHY, III
                                             United States District Judge

Dated: September 25, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 25, 2013, by electronic and/or ordinary mail.

                                             s/Carol Cohron
                                             Case Manager